UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASF, INC., a Washington Corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF BOTHELL,<br><br>                              Defendant. | No.  C07-1074Z<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiff ASF's Motion for Partial Summary Judgment, docket no. 6. Having considered the parties' original and supplemental briefs, declarations, and exhibits thereto, the Court enters the following Order.

**I.   BACKGROUND**

Plaintiff, ASF, argues that two moratoria enacted by Defendant, the City of Bothell, violate the First Amendment. Compl. at 5-6 (docket no. 1). ASF alleges that it intended to operate an adult entertainment establishment in Bothell, Washington, offering performances by erotic dancers. On or about February 14, 2006, ASF's president, Mr. Robert Davis, went to the Bothell City Hall to inquire about obtaining an adult entertainment business license for ASF's Bothell location. David Decl. ¶¶ 1-2 (docket no. 8). Mr. Davis was told to go to the Bothell planning and development office. Id. ¶ 2. Mr. Davis asserts that Ms. Melinda Parks

ORDER   1–

1  assisted him by confirming that the property on which ASF's business was to be operated
2  was properly zoned for an adult entertainment club.  Id.  Mr. Davis further asserts that Ms.
3  Parks gave him a Business License Application to fill out and return to the planning and
4  development office.  Id.

5  On or about February 21, 2006, Mr. Davis returned to the planning development
6  office with the Business License Application.  Id. ¶ 3, Ex. A (Business License Application).
7  On the application Mr. Davis indicated that he was seeking an "Adult Entertainment
8  Club/Restaurant" license.  Id.  Mr. Davis asserts that he paid the requested $53 fee to the
9  City of Bothell.  Id. ¶ 3, Ex. B (receipt).  He also asserts that Ms. Aaby called a gentleman
10 from the planning department to come and confirm that there were no other forms or permits
11 that Mr. Davis needed.  Id. ¶ 3.

12 On February 23, 2006, Mr. Davis asserts that "Nancy" from the planning and
13 development department called him and told him that he needed to pay an additional $13 for
14 an "adult entertainment business license."  Id.  ¶ 5.  Mr. Davis asserts that he paid the fee
15 with his credit card and was told that he would be receiving the license within a few days.
16 Id.  All businesses must obtain a general business license under Ch. 504 of the Bothell
17 Municipal Code.  However, the City of Bothell asserts that in order to operate any type of
18 adult entertainment business, applicants must apply for a separate "adult entertainment
19 license."  Trudel Decl., Ex. A (Adult Entertainment Business License) (docket no. 15).  On
20 March 1, 2006, ASF began leasing the property it intended to use as the adult entertainment
21 establishment and Mr. Davis asserts that the club could have been open for business on April
22 1, 2006.  Davis Decl. ¶ 6.

23 On March 25, 2006, Mr. Davis received a letter by mail from Julie Ewijk, Business
24 License Program Administrator for the City of Bothell, informing him that he would not be
25 receiving his adult entertainment license because "a moratorium was currently in place on
26

ORDER   2–

the acceptance of applications for, or issuance of adult entertainment facility licenses under Chapter 5.14 of the Bothell Municipal Code (BMC)." Davis Decl ¶ 8, Ex. C (letter).

On March 27, 2006, Mr. Davis went to the City of Bothell to obtain a copy of the first moratorium. Id. ¶ 9, Ex. D (Ordinance No. 1960). The moratorium's effective date was March 20, 2006. Id., Ex. D at 5-6. The moratorium, by its terms, did not apply to those with "vested rights," including businesses that had, as of March 20, 2006, "submitted to the City a fully complete license application for an adult entertainment license and paid all license fees as required pursuant to Chapter 5.14 (BMC)." Id., Ex. D at 4. Mr. Davis asserts he then attempted to receive his license because he had applied prior to the moratorium's enactment. The City of Bothell refused, claiming that he had filled out the wrong form and paid the wrong fee. Olson Decl., ¶ 3. ASF then filed a writ of mandamus action in King County Superior Court. ASF, Inc. v. City of Bothell, King County Cause No. 06-2-13135-5 SEA. On May 10, 2006, Judge Dean Lum denied ASF's Petition for Writ of Mandamus. Weight Decl., Ex. N (Order) at 170-72. In the Order, Judge Lum found that ASF "never made application to the Bothell City Clerk for an adult entertainment facility license" and "never paid the special licensing fee." Id. at 171. Judge Lum also found that there was "scant" evidence "that the Bothell City employees misled Mr. Davis." Id.

The first moratorium, Ordinance No. 1960 (2006), had been passed by the Bothell City Council on March 20, 2006, and "established a moratorium on acceptance of applications for processing of and/or issuance of, licenses for adult entertainment facilities" for six months. Davis Decl., Ex. D at 3, 6. This moratorium provided, in part, that "[t]he City needs the opportunity to more thoroughly consider all aspects of zoning, licensing and other regulations relating to adult entertainment facilities, and that the public health, safety, welfare, and economic viability of the City of Bothell supports the need to more thoroughly consider and plan for such adult entertainment facilities. . . ." Id., Ex. D at 2. The moratorium recited that the City of Bothell had not updated its licensing or zoning

ORDER   3–

regulations addressing adult entertainment facilities in nine years and that the first moratorium was authorized by RCW 35.63.200, RCW 35A.63.220, and RCW 36.70A.390. Id., Ex. D at 1-2.  In order to comply with the statutory provisions, the City Council thereafter held a public hearing regarding the moratorium on May 2, 2006.  Trudel Decl., Ex. E at 52-55 (Notice of Public Hearing).  When the hearing was opened for public comments, the Minutes of the hearing reflect that "[t]here was no one wishing to address the Council at this time."  Id., Ex. E at 140-41 (Minutes).

On September 5, 2006, the City of Bothell adopted a "second moratorium," which provided that the "[t]he City needs the opportunity to receive meaningful public input and more thoroughly consider all aspects of zoning, licensing and other regulations relating to adult entertainment facilities, and that the public health, safety, welfare and economic viability of the City of Bothell supports the need to more thoroughly consider and plan for such adult entertainment facilities."  Olson Decl., Ex. B (Ordinance No. 1962) at 2 (docket no. 7).  The second moratorium further provided that it was authorized by RCW 35.63.200, RCW 35A.63.220, and RCW 36.70A.390.  Id., Ex. B at 2.  Public notice of the hearing regarding the second moratorium was published on September 11, 2006.  Trudel Decl., Ex. C (affidavit of public notification) at 28.

The City of Bothell asserts that during the two moratoria, the first of which ran from March 2006 to September 2006, and the second of which ran from September 2006 to September 2007, the City was evaluating and considering revisions to the City's adult entertainment licensing requirements.  Weight Decl. at ¶ 18.  Ultimately, the Planning Commission recommended against any changes to the current zoning code.  Trudel Decl., Ex. I (Planning Commission findings) at 396-400.  There currently is no moratorium in place preventing the issuance of adult entertainment licenses in the City of Bothell.

ORDER  4–

## II. DISCUSSION

### 1. Summary Judgment Standard

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 2. Standing

ASF argues that the moratoria, Ordinances Nos. 1960 and 1962, are unconstitutional under the First Amendment as prior restraints on free expression. When a licensing statute vests unbridled discretion in a government official over whether to permit or deny the activity, a plaintiff has the right to challenge the statute facially without first applying for and being denied a license. City of Lakewood v. Plain Dealer Publ'g Co., 486 U.S. 750, 755-56 (1988); See also ASF, Inc. v. City of Seattle, 408 F.Supp.2d 1102, 1107 n.6 (W.D. Wash. 2005). The City of Bothell argues that ASF does not have standing to challenge the now-expired moratoria. There is no guarantee that the City of Bothell will not enact another moratorium that has a similar effect on free expression. See Associated Gen. Contractors v. City of New Haven, 41 F.3d 62, 66 (2d Cir. 1994) (stating that "a case is moot when it can be said with assurance that there is no reasonable expectation that the alleged violation will reoccur. . ."). Accordingly, ASF has standing to challenge the moratoria as unconstitutional.

### 3. ASF's Claim that the City of Bothell's First Moratorium Is Unconstitutional "as Applied" to ASF

ASF argues that the first moratorium, Ordinance No. 1960, on adult entertainment licenses is unconstitutional "as applied" because it was enacted for the purpose of suppressing ASF's right to free expression. There are genuine issues of material fact as to

ORDER 5–

whether the first moratorium was enacted specifically to suppress ASF's right to free expression. ASF, Inc. v. City of Bothell, King County Cause No. 06-2-13135-5 SEA. In the writ of mandamus action, the state court stated that "[o]n this record, this Court cannot conclude that the City of Bothell employees actively misled [ASF], or that [ASF] had a clear legal right to have the special license issued to him." Id.; Trudel Decl., Ex. N (Order) at 170-72. The record before this Court similarly contains factual issues relating to the purpose of the first moratorium that cannot be resolved on summary judgment. Accordingly, the Court DENIES ASF's Motion for Partial Summary Judgment as to the first moratorium.

**4.   ASF's Claim that the City of Bothell's First Moratorium Is Null and Void because it was Enacted in Violation of Washington's Open Public Meetings Act**

Plaintiff argues that the City of Bothell violated the State of Washington's Open Public Meetings Act, RCW 42.30, when it enacted the first moratorium. ASF has not pled an Open Public Meeting's Act claim in its Complaint. See generally Compl. The Court DENIES Plaintiff's motion to the extent it relies on the Open Public Meetings Act.

**5.   ASF's Claim that the City of Bothell's Second Moratorium Is Facially Unconstitutional**

ASF argues that the second moratorium, Ordinance No. 1962, is facially unconstitutional because it was a prior restraint on free expression. Specifically, ASF argues that the second moratorium failed to provide adequate procedural safeguards. ASF argues that its intended activities would have consisted of adult entertainment that would have conveyed the message of eroticism.

The First Amendment protects the "right to open and operate an adult theater featuring topless, exotic or nude dancing." City of Seattle, 408 F.Supp.2d at 1107 (citing Young v. City of Simi Valley, 216 F.3d 807, 815 (9th Cir. 2000); citing Schad v. Mount Ephraim, 452 U.S. 61, 65-66 (1981)). "The guarantee of freedom of speech afforded by the

ORDER   6–

First Amendment is abridged whenever the government makes enjoyment of protected speech contingent upon obtaining permission from government officials to engage in its exercise under circumstances that permit government officials unfettered discretion to grant or deny the permission." 11126 Baltimore Boulevard, Inc. v. Prince George's County, 58 F.3d 988, 996 (4th Cir. 1995) (citing FW/PBS Inc. v. County of Dallas, 493 U.S. 215, 223-27 (1990)). This unfettered discretion exists when a regulation creating a prior restraint on speech fails to impose adequate procedural safeguards in granting or denying a license. Id.

A prior restraint stops protected speech before it starts. A prior restraint is presumed to be unconstitutional, and, in the case where a prior restraint exists, the government bears a heavy burden to demonstrate that the restraint is valid. Bantam Books v. Sullivan, 372 U.S. 58, 70 (1963). The prior restraint analysis applies to the second moratorium prohibiting the issuance of adult entertainment licenses.

To overcome the presumption of invalidity, a government that imposes a prior restraint on free speech must show that it has provided certain procedural safeguards in the issuance of licenses. Freedman v. Maryland, 380 U.S. 51, 58-59 (1965); FW/PBS, 493 U.S. at 217 (applying the procedural safeguards to adult businesses). To survive a facial constitutional challenge, a government's adult entertainment licensing scheme must have: (1) a specified and reasonably prompt time frame to issue or deny the license, and (2) the possibility of judicial review in the event the license is erroneously denied. City of Seattle, 408 F.Supp.2d at 1108 (citing Clark v. City of Lakewood, 259 F.3d 996, 1005 (9th Cir. 2001)).

In City of Seattle, the Court held that the City of Seattle's 17-year moratorium on issuing adult entertainment licenses was an unconstitutional prior restraint on free expression as it did not provide adequate procedural safeguards. Id. There was no time period specified in the City of Seattle's licensing scheme for granting or denying adult entertainment licenses. Id. In addition, "the City not only fail[ed] to provide a specified time for rendering a

ORDER  7–

licensing decision, but it [went] a step further in suppressing protected speech and prohibiting any new adult cabarets from opening." Id.

The Court in City of Seattle also cited other courts which have applied a prior restraint analysis to moratoria prohibiting the issuance of adult entertainment licenses. City of Seattle, 408 F.Supp.2d at 1107 (citing Howard and Emro v. City of Jacksonville, 109 F.Supp.2d 1360, 1363-64 (M.D. Fla. 2000) (120-day moratorium coupled with 45-day review period was unconstitutional) and D'Ambra v. City of Providence, 21 F.Supp.2d 106, 108 (D.R.I. 1998) (holding 18-month moratorium on issuing adult cabaret licenses was unconstitutional)). In Howard, the defendant enacted a 120-day moratorium on the issuance of adult entertainment licenses. 109 F.Supp.2d at 1362. The court granted the plaintiff a preliminary injunction which prohibited the defendant from enforcing the moratorium. Id. at 1364. The Howard court relied on the fact that the moratorium was a 120-day "ban" that failed to set reasonable time limits on the decision maker, creating a risk of indefinitely suppressing permissible speech. Id. (citing FW/PBS, 493 U.S. at 227). Although Howard involved a preliminary injunction, not a motion for summary judgment, it is instructive for the purpose of determining whether the City of Bothell's second moratorium is unconstitutional as a prior restraint. See City of Seattle, 408 F.Supp.2d at 1109 (on a motion for summary judgment the City of Seattle court relied on Howard for the proposition that other district courts have held shorter moratoria to be unconstitutional). In D'Ambra, the court held that an 18-month old moratorium on adult cabaret licenses was an unconstitutional prior restraint because it placed unbridled discretion with the government. 21 F.Supp.2d at 112. The government had unbridled discretion because it could reject any application under the moratorium. Id. at 112-13. Second, the D'Ambrie court determined that the moratorium was unconstitutional because it did not set reasonable time limits on the decision maker. Id. Specifically, the moratorium did not provide a date in which the application for the license

ORDER  8–

would be reconsidered and gave no way in which the plaintiff could expedite the process. Id. at 113.

The City of Bothell's second moratorium constituted a total ban on the licensing of adult entertainment facilities in the City of Bothell for a period of one year. The City of Bothell has failed to overcome the heavy burden of showing that the second moratorium contains adequate procedural safeguards that would render it constitutional. The second moratorium in this case has a similar effect to the moratoria held unconstitutional in City of Seattle and D'Ambra. The second moratorium suppressed protected speech before it started by prohibiting any new adult entertainment businesses from opening. The City of Bothell also had the unbridled discretion to reject any application for an adult entertainment license under the moratorium. As the second moratorium denied all adult entertainment licenses, the City of Bothell was not exercising any type of discretion. See Howard, 109 F.Supp.2d at 1364. In addition, the City of Bothell failed to provide any indication as to when an adult business license application submitted during the second moratorium would be considered. Even if ASF could have sought judicial review upon the denial of the requested adult entertainment license, the fact that the moratorium failed to provide any time frame for issuing or denying adult entertainment licenses renders it unconstitutional. An adult entertainment licensing scheme must have both the possibility of judicial review if the license is denied *and* a specific and reasonably prompt time frame for issuing or denying the license. Both procedural safeguards are required for the moratorium to be constitutional. See City of Seattle, 408 F.Supp.2d at 1108. Accordingly, the second moratorium is unconstitutional as a prior restraint as it banned protected speech for the time the second moratorium was in effect. See id.

The City of Seattle Court held that the moratorium was unconstitutional despite the City's argument that they needed more time to enact new zoning regulations. Id. at 1102. "The City fails to provide any authority, nor is the court aware of any authority, suggesting

ORDER   9–

that the government's reason for suppressing constitutionally protected speech has any bearing on prior restraint analysis." Id. at 1109.  The City of Bothell's reasons for enacting the second moratorium, whether pursuant to a particular statute, for the purpose of analyzing recent case law regarding adult entertainment licensing, to receive more public input, or to comply with the Growth Management Act, RCW 36.70A, are of no legal consequence to the prior restraint analysis.

The City of Bothell makes several additional arguments.  First, the City of Bothell argues that the second moratorium was enacted under the express statutory authority of RCW 35.63.200, RCW 35A.63.220 and RCW 36.70A.390.  These virtually identical statutory provisions allow for moratoria to be adopted as interim zoning controls.  However, the second moratorium in this case is a complete ban on adult entertainment licenses rather than an interim zoning control.  In 11126 Baltimore Boulevard, Inc. v. Prince George's County, the Defendant similarly argued that its ordinance that denied licenses to adult bookstores was simply a zoning ordinance.  The Fourth Circuit disagreed and concluded that because the ordinance prohibited all adult bookstores from operating anywhere within the county, the ordinance was subject to a facial challenge to determine whether the requisite procedural safeguards existed.  Id. at 995.  While local governments have a broad power to zone and control land use for the benefit of their communities, the controls used by the government must be exercised within constitutional limits.  Young, 216 F.3d at 815-16 (citing Schad, 452 U.S. at 68; Moore v. City of East Cleveland, 531 U.S. 494, 514 (1977)).  Accordingly, the City of Bothell's second moratorium is subject to constitutional challenges even if enacted under statutory authority.

The City of Bothell also argues that ASF lacks standing to facially challenge the second moratorium.  The City of Bothell draws the Court's attention to Steiner v. County Commissioners of Caroline County, 490 F.Supp.2d 617 (D. Md. 2007).  In Steiner, the Court found that the plaintiff had not alleged an injury sufficient to have standing to challenge the

ORDER  10–

moratorium as a prior restraint. 490 F.Supp.2d at 629. Steiner does not apply to the present case's prior restraint analysis. ASF has the right to challenge the statute facially without first applying for and being denied a license. City of Lakewood, 486 U.S. at 755-56; see also City of Seattle, 408 F.Supp.2d at 1107 n.6.

The City of Bothell's second moratorium, Ordinance No. 1962, is facially unconstitutional as it constituted a prior restraint on protected expression. Accordingly, the Court GRANTS ASF's Motion for Partial Summary Judgment as to the second moratorium.

**III.  CONCLUSION**

The Court DENIES ASF's Motion for Partial Summary Judgment as to the first moratorium.

The Court GRANTS ASF's Motion for Partial Summary Judgment as to the second moratorium.

IT IS SO ORDERED.

DATED this 17th day of December, 2007.

*[signature: Thomas S. Zilly]*
Thomas S. Zilly
United States District Judge

ORDER   11–